PER CURIAM.
Melissa Skeen appeals the trial court’s order discharging an alternative writ of manda *713 mus. Because the issuance of the writ would be futile, we affirm.
Skeen made a public records request for personnel and other records maintained by her former employer, State Attorney Joseph D’Alessandro. After receiving some documents, Skeen sought a five-page report concerning an investigation conducted in 1990. The five-page report was not produced, but a two-page report on the same investigation was released. Skeen filed a petition for mandamus, asserting that the five-page document was a public record under chapter 119, Florida Statutes (1993). The trial court issued an alternative writ, requiring D’Alessandro to produce the document or show cause why it could not be produced. At the hearing, D’Al-essandro testified .that a five-page report could not be located despite a diligent, good faith search and he denied ever seeing the five-page report. Skeen proffered testimony that would show the document existed at one time. • The trial court then discharged the writ, holding that the evidence showed the document was not available to be produced.
Skeen argues on appeal that the trial court erred in excluding evidence showing that the document originally existed. We agree that the trial court erred in refusing to allow Skeen to present her witnesses. The proffer shows, however, that Skeen sought to go beyond the issues relevant to a mandamus action and that Skeen had no evidence refuting D’Alessandro’s testimony that the document was not available at the time of the hearing.
“[T]he writ [of mandamus] will never be granted in cases when, if issued, it would prove unavailing, or when compliance with it would be nugatory in its effects, or would be without beneficial results and fruitless to the relator.” State ex rel. Ostroff v. Pearson, 61 So.2d 325, 326 (Fla.1952) (citations omitted) (holding that writ will not issue when evidence showed papers no longer existed).
There was no evidence, presented or proffered, that the document sought by the mandamus petition existed at the time of the hearing. Therefore, a writ ordering its production would be unavailing. Accordingly, we affirm.
DANAHY, A.C.J., and SCHOONOVER and BLUE, JJ., concur.